UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHELSEA A. HARRIS,

        Plaintiff,

STATE OF WISCONSIN DEPARTMENT OF
HEALTH SERVICES and UNITEDHEALTHCARE
OF WISCONSIN, INC.,

        Involuntary Plaintiffs,

v.                                         Case No. 20-CV-373

BROWN COUNTY, WISCONSIN MUNICIPAL
MUTUAL INSURANCE COMPANY, WELLPATH
LLC, LEEANN JUNTUNEN-SULLIVAN, DIANE
JENSEN, and ANDREW RUPNOW,

        Defendants.

## DECISION AND ORDER

Plaintiff Chelsea A. Harris brought this suit for damages under 42 U.S.C. § 1983 against Defendants Brown County, Wisconsin Municipal Mutual Insurance Company, Wellpath, LLC, LeeAnn Juntunen-Sullivan, Diane Jensen, and Andrew Rupnow, alleging that Defendants denied Plaintiff seriously needed medical care and violated Plaintiff's Eighth and Fourteenth Amendment constitutional rights while Plaintiff was 26 weeks pregnant and in custody at the Brown County Jail. Plaintiff also alleges that Defendants were negligent in providing care. Presently before the court is Defendant Wellpath, LLC's motion to dismiss Plaintiff's *Monell* claim. For the reasons that follow, the motion to dismiss will be denied.

### ALLEGATIONS IN THE COMPLAINT

According to the complaint, Plaintiff, a 28-year-old female, was taken into custody by the De Pere Police Department on February 9, 2018, and detained at the Brown County Jail shortly

thereafter. At the time, Plaintiff was 26 weeks pregnant, and her pregnancy was deemed to be "high-risk" by her private doctors. Plaintiff's treating physician had prescribed Ensure to help Plaintiff gain weight during her pregnancy, but according to Plaintiff, she never received Ensure throughout her time at the Brown County Jail, and instead received a bologna sandwich as a "pregnancy snack" pursuant to Brown County Jail policies and practices. According to Plaintiff, it is well-known that pregnant women are to avoid eating cold cuts and lunch meat like bologna due to the risk of Listeria, a bacteria that can have disastrous consequences during pregnancy. Plaintiff asserts that she was given a cold bologna sandwich as her pregnancy snack for each of the five days she was detained in the Brown County Jail.

Plaintiff also alleges various other violations, all of which ultimately culminated in Plaintiff being rushed to the hospital on February 18, 2018, where she gave birth to her child who weighed just two pounds and ten ounces at birth. Plaintiff claims she then spent two weeks in the hospital, recovering from her serious medical conditions that were exacerbated by the lack of treatment provided at the Brown County Jail. As a result of the premature birth, Plaintiff's child remained in the neonatal intensive care unit for over two and a half months and continued to need special care upon discharge.

Plaintiff alleges that "Brown County and Wellpath consciously ignored the known risk of danger to pregnant detainees and their unborn children at the [Brown County Jail] and continued to provide them with a pregnancy snack that posed a substantial risk to their health and safety." Dkt. No. 1, ¶ 28. This, Plaintiff claims, shows that Brown County and Wellpath had a widespread practice, custom, and *de facto* policy of providing nutritionally inappropriate and harmful pregnancy snacks that violated Plaintiff's constitutional rights.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Surviving such a challenge requires that the plaintiff allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And the factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* at 555. When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

*Monell* claims are "subject to the pleading standard set out by the Supreme Court in the *Twombly* and *Iqbal* cases." *Bohannon v. City of Milwaukee*, 998 F. Supp. 2d 736, 741 (E.D. Wis. 2014). In other words, *Monell* claims are neither subjected to any heightened pleading standard, nor are they subjected to a liberal pleading standard. Thus, this court asks whether Plaintiff's complaint has alleged enough factual content to "nudg[e] [her] claim . . . across the line from conceivable to plausible." *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

## ANALYSIS

A municipality may be held liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "In pleading a *Monell* claim, the plaintiff must plead factual content that would allow the court to draw a reasonable inference that: (1) [she] has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the city caused that deprivation." *Bohannon*, 998 F. Supp. 2d

3

at 743 (citing *McCauley*, 671 F.3d at 616). As for the first element, Plaintiff has sufficiently alleged that Brown County and Wellpath violated her Eighth and Fourteenth Amendment rights to physical safety and essential medical care and treatment, as well as her right to be free from unnecessary pain and suffering as a result of receiving cold bologna sandwiches as a pregnancy snack, potentially endangering the life of Plaintiff and her unborn child. Dkt. No. 1, ¶¶ 28, 72.

With regard to the second element, Plaintiff must allege that her constitutional violation was caused by "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Bohannon*, 998 F. Supp. 2d at 744 (citations and internal quotation marks omitted). Plaintiff appears to be proceeding on the second category, as she alleges that Brown County and Wellpath "authorized, tolerated, ratified, permitted, or acquiesced in policies, practices, and customs, oral and written, pronounced, and de facto." Dkt No. 1, ¶ 73. Defendant argues that Plaintiff has not successfully alleged a claim of widespread custom or practice, primarily because Plaintiff relies on her own experiences and has failed to identify other similar instances of pregnant detainees being served cold bologna sandwiches. In Defendant's eyes, Plaintiff "simply claims the existence of a *de facto* policy without a single supporting factual allegation." Dkt. No. 28, at 8. This, Defendant claims, means that it did not have notice of an ongoing problem, requiring Plaintiff's claim to be dismissed.

What Defendant ignores, however, is that Plaintiff alleges she herself was the recipient of cold bologna sandwiches for the five days she was an inmate at the Brown County Jail. The fact that Plaintiff was consistently given the same pregnancy snack at least suggests that the conduct alleged was pursuant to a policy or practice, as opposed to an isolated decision by an individual correctional officer. In this respect, the alleged *Monell* violation differs from those in which the challenged conduct was experienced by the plaintiff on only a single occasion. *See, e.g.*, *Gill v. City of Milwaukee*, 850 F.3d 335 (7th Cir. 2017) (*Monell* claim based on allegedly unconstitutional

4

arrest and interrogation of plaintiff and failure to disclose exculpatory information, absent allegation of pattern, properly dismissed); *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) (explaining that "isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise" for a widespread practice claim under *Monell*).

Additionally, Plaintiff alleges that "Brown County and Wellpath consciously ignored the known risk of danger to pregnant detainees and their unborn children at the [Brown County Jail] and continued to provide them with a pregnancy snack that posed a substantial risk to their health and safety." Dkt. No. 1, ¶ 28. Plaintiff's allegations "permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill*, 850 F.3d at 344. Although it is unclear how many times Plaintiff believes these practices have been experienced by other inmates, it is clear that she is alleging that it has been more than "one instance." *See Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (noting that there is no clear consensus as to how frequently the challenged conduct must occur to impose *Monell* liability, except that it must be more than one instance). It is obvious that Plaintiff experienced it more than once. And while Defendant may have preferred Plaintiff to be more specific, it is well established that a plaintiff pleading a *Monell* claim need not "identify every other or even one other individual" who had been affected by the alleged practice. *See, e.g.*, *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). While specific allegations would have certainly bolstered Plaintiff's complaint, the lack of them is not fatal. Plaintiff has alleged enough factual content to "nudg[e] [her] claim . . . across the line from conceivable to plausible." *McCauley*, 671 F.3d at 618.

Finally, Defendant argues that Plaintiff has not provided enough factual content to support her claim that the custom or practice was the "moving force" behind her injury. Defendant contends that the language in the complaint, in particular, the allegation that "[t]hese policies, practices, and customs were the moving force which caused the deprivation of plaintiff's

5

constitutional rights," fails to allege how the practice directly caused the claimed deprivation. Dkt. No. 28 at 11. Plaintiff is not required to prove her claim at this stage. Her allegations provide Defendants notice of her claim, and that is all that is required. Plaintiff alleges that, rather than receive her prescribed Ensure, she received bologna sandwiches as a pregnancy snack. She claims that, as a result, she experienced weight loss and the premature birth of her child. At this stage, the court can draw the reasonable inference that Defendant maintained a practice that caused harm to Plaintiff. Given the relatively straightforward nature of this *Monell* claim, Plaintiff has pleaded her claim with sufficient factual specificity so as to give Defendants ample notice as to what the case is about. *McCauley*, 671 F.3d at 616–17 (noting that the required level of factual specificity in a *Monell* claim rises with the complexity of the claim (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010))).

## CONCLUSION

For the reasons stated above, Defendant Wellpath's motion to dismiss Plaintiff's *Monell* claim (Dkt. No. 27) is **DENIED**. Plaintiff will be allowed to proceed with her *Monell* claim regarding Brown County and Wellpath's alleged widespread custom of serving cold bologna sandwiches as pregnancy snacks.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
